UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>        Plaintiff,<br><br>   v.<br><br>CONTRA COSTA COUNTY SHERIFF'S,<br>et al.,<br><br>        Defendants. | Case No. 24-cv-01389-RFL<br>           24-cv-07548-RFL<br>           24-cv-07718-RFL<br>           24-cv-08271-RFL<br>           25-cv-00563-RFL<br>           25-cv-00864-RFL<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Plaintiff Anthony Turner is barred from bringing these 42 U.S.C. § 1983 actions in forma pauperis (IFP) because he has filed four federal actions (strikes) that were dismissed as frivolous, malicious, or on grounds that they failed to state a claim for relief.  He was ordered to show cause why pauper status should not be barred for each case, but he has not disputed the legitimacy of the four strikes and he has not shown that he was under imminent danger of serious physical injury at the time he filed these complaints.  Accordingly, Plaintiff's motions to proceed IFP are DENIED and these federal civil rights actions are DISMISSED without prejudice to Plaintiff bringing his claims in new paid complaints.

**BACKGROUND**

Plaintiff, a detainee and frequent litigant in federal court, filed these federal civil rights actions under 42 U.S.C. § 1983, in which he alleges that officials at West County Detention Center and Napa State Hospital violated his federal constitutional rights.  He also filed motions

to proceed IFP under 28 U.S.C. § 1915.  Plaintiff was ordered to show cause for each case, why

the motions to proceed IFP should not be denied and the actions should not be dismissed under

28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action or appeal a civil

judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."  28 U.S.C. § 1915(g).

The order identified four prior federal court actions that appeared to count under section

1915(g) and allowed Plaintiff an opportunity to respond, as required by *Andrews v. King*, 398

F.3d 1113 (9th Cir. 2005). [1]  The order also informed Plaintiff that he could avoid dismissal by

paying the filing fee for each case by the deadline.

The strikes identified were:

1.    *Turner v. California Supreme Court, et al.*, Case No. C 13-0634 JSW (PR) (N.D.
      Cal. May 10, 2013) (dismissing because Turner failed to state any cognizable
      federal claim and failed to prosecute), *appeal rejected sub nom In re Anthony
      Ricardo Turner*, Appeal No. 11-8033 (9th Cir. May 29, 2013) (pursuant to pre-
      filing review order, not allowing appeal to proceed because claims were "so
      insubstantial as to not warrant further review");

2.    *Turner v. Thomas*, Case No. 2:10-cv-02369 MCE EFB (E.D. Cal. July 9, 2012)
      (dismissed with leave to amend for failure to state a claim; ultimately dismissed
      for failure to file an amended complaint);

3.    *Turner v. Gipson*, Case No. 1:11-cv-1395 GBC (E.D. Cal. Apr. 13, 2012)
      (dismissed with leave to amend for failure to state a claim; ultimately dismissed
      for failure to file an amended complaint);

---

[1] Turner is also a frequent litigant in the Ninth Circuit, which imposed a pre-filing review order
upon him.  *See* Dkt. No. 3, *In re Anthony Turner*, Appeal No. 11-80033 (9th Cir. April 21, 2011).
Pursuant to that pre-filing review order, the Ninth Circuit has rejected at least twelve appeals as
"so insubstantial as to not warrant further review."  *See generally* Docket, *In re Anthony Turner*,
Appeal No. 11-80033 (9th Cir.).

and

4.      *Turner v. United States of America*, Case No. 2:08-CV-02087 EFB (E.D. Cal. Dec. 7, 2010) (dismissed with leave to amend for failure to state a claim; ultimately dismissed for failure to file an amended complaint).

The time to respond to the Court's order has passed, and Plaintiff only filed a response in one case. *See* Dkt. No. 15, *Turner v. Napa State Hospital, et. al.*, Case No. 24-cv-7548-RFL. He does not dispute that the four actions identified above count as strikes within the meaning of section 1915(g). Rather, he invokes the imminent danger exception and argues that staff at the jail and Napa State Hospital have staged unspecified sexual assaults and ambush assaults. *See* Dkt. No. 15 at 3-4, *Turner v. Napa State Hospital, et. al.*, Case No. 24-cv-7548-RFL. He contends that all witnesses to these acts were murdered by the Martinez Sheriff's Department. *Id*. at 4. He also states generally that the Court is violating his due process rights and equal protection rights and is covering up the conduct of the Defendants. *Id*. at 2, 7. He then discusses issues that occurred at a facility in a different district where he alleges that he was assaulted and jail staff destroyed his valuable personal property. *Id*. at 9.

Plaintiff presents no specific allegations demonstrating that he is under imminent danger of serious physical injury. He offers no facts from which it could plausibly be inferred that he was under imminent danger of serious physical injury at the time these complaints were filed pursuant to section 1915(g). These are the same vague allegations in Turner's numerous prior filings in this Court, where he failed to present plausible allegations of imminent danger. *See*, *e.g.*, *Turner v. Contra Costa County Sheriff*, Case No. 24-cv-1389-RFL; *Turner v. Yolo County*, Case No. 24-cv-1875-RFL; *Turner v. Modrigal*, Case No. 24-cv-2546-RFL; *Turner v. Studios & Fine Arts*, Case No. 24-cv-3274-RFL; *Turner v. Vallejo City Mayor*, Case No. 24-3635-RFL; *Turner v. Napa State Hospital*, Case No. 24-cv-6010 RFL.

In sum, Plaintiff has not shown any reason that the restrictions of section 1915(g) should not be imposed. He has failed to (i) pay the filing fee; (ii) show that any of the strikes do not qualify under section 1915(g); (iii) show that he qualifies for the imminent danger exception; or (iv) otherwise show cause why these actions should not be dismissed.

**CONCLUSION**

The motions to proceed IFP for these cases are DENIED.  These federal civil rights actions are DISMISSED without prejudice to Plaintiff bringing his claims in new paid complaints.  All pending motions are VACATED.

The Clerk shall enter judgment in favor of Defendants and close these files.  The Clerk shall send this order to Plaintiff at Stanton Correctional Facility, 2450 Claybank Road, Fairfield, CA 94533, and change the address on the docket for each case.[2]

**IT IS SO ORDERED.**

Dated: May 9, 2025

RITA F. LIN
United States District Judge

---

[2] Plaintiff has not updated his address on these cases, but the Solano County detainee locator and the return address on his response in *Turner v. Napa State Hospital, et. al.*, Case No. 24-cv-7548-RFL, place him at the Stanton Correctional Facility.